**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

JARVIS RHODES, ADC#77001 — PETITIONER

v. 5:11-cv-00156-JLH-JJV

RAY HOBBS, Director, Arkansas Department of Correction — RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I. BACKGROUND

The Petitioner, Jarvis Rhodes, was convicted of capital murder in 1985. *Rhodes v. State*, 2011 WL 1320182, at *1 (2011)(unpublished). The Arkansas Supreme Court, however, reversed that conviction based on a juror's "equivocation" during a jury poll. *Id.* Mr. Rhodes was retried and convicted of capital murder. *Id.* He received a sentence of life without parole. *Id.* Mr. Rhodes took a direct appeal and the Arkansas Supreme Court affirmed his conviction. *Id.*

On May 19, 1990, Mr. Rhodes filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which this Court dismissed for a failure to exhaust state remedies. (Doc. No. 16-5 at 1.) He then sought relief under a motion pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. (*Id.*) The circuit court denied that motion, and the Arkansas Supreme Court affirmed. *Rhodes*, 2011 WL 1320182, at *1. On July 30, 1992, Mr. Rhodes filed a motion to correct an illegal sentence pursuant to Ark. Stat. Ann. § 43-2314, codified at Ark. Code Ann. § 16-90-111. (Doc. No. 16-5 at 2.) That motion was denied, and the Arkansas Supreme Court affirmed. (*Id.*)

On January 24, 1995, Mr. Rhodes filed a second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court. *Rhodes v. Norris*, 5:95cv00068-GTE. He raised six

issues: (1) his second trial violated his Eighth Amendment right against double jeopardy; (2) the Arkansas capital murder statute was unconstitutional; (3) his sentence was illegal; (4) the trial court erred in not instructing the jury on aggravated robbery as a lesser included offense; (5) the trial court erred by not defining "theft" in its jury instructions; and (6) defense counsel was ineffective for not requesting a comparative analysis of fingerprints and blood obtained from the scene. (Doc. No. 16-5 at 3.) After reviewing the record, this Court dismissed Mr. Rhodes's petition, finding that the first five claims were procedurally barred and the sixth claim lacked merit. (*Id.*)

On October 15, 2002, Mr. Rhodes filed a petition under Ark. Code Ann. § 16-112-201, and asked the circuit court to order the testing of crime scene evidence, such as debris collected from the victim's fingernails. *Rhodes*, 2011 WL 1320182, at *1. He filed another petition on December 9, 2003, requesting DNA testing of skin samples from the victim. *Id.* Then, on August 12, 2005, changes to Arkansas's DNA testing statutes became effective, so on September 13, 2005, Mr. Rhodes filed another petition requesting DNA testing of physical evidence in his case. *Id.* With the new law in place, the circuit court granted Mr. Rhodes's petition and ordered all the evidence in Mr. Rhodes's criminal case tested pursuant to Ark. Code Ann. § 16-112-201, et. seq. *Id.* During a hearing on May 1, 2007, Sergeant Charles Cash, the officer in charge of the Pine Bluff Police crime-scene evidence division, testified that fingernail clippings recovered from the victim could not be found. *Id.* Mr. Rhodes questioned the court about this development and specifically stated the missing fingernails were "the only thing [sic] that could exonerate him." *Id.* The court stated that "without proof that the fingernails were intentionally destroyed, [it] could not grant him any relief." *Id.*

The Arkansas Crime Laboratory tested the rest of the evidence in the case and three separate hearings were conducted. *Id.* at *1-2. Arkansas Crime Laboratory employees testified that they did

not find any male-specific DNA on the evidence in the case. *Id.* The circuit court ultimately found it could not grant Mr. Rhodes relief, given that the results did not "exonerate [him] in this matter." *Id.* At the conclusion of the last hearing on September 17, 2008, Mr. Rhodes's counsel told the circuit court that the fingernail clippings were vital to Mr. Rhodes's case and asked to be notified if they were recovered. *Id.* at *2.

Mr. Rhodes appealed the circuit court's denial of his § 16-112-201 petition, arguing that his due process rights were violated by the State's failure to preserve the fingernail clippings. *Id.* In its April 7, 2011 opinion, the Arkansas Supreme Court affirmed the circuit court's decision by finding that Mr. Rhodes had failed to preserve his due-process arguments for appeal. *Id.* He then filed the instant habeas Petition on June 20, 2011. (Doc. No. 2.)

## II. DISCUSSION

Title 28, United States Code, Section 2244(b)(3) provides that petitioners who have previously filed federal habeas petitions must first obtain authorization from the appropriate federal court of appeals before filing a second or successive habeas petition. *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011). For purposes of this requirement, claims previously presented in earlier habeas petitions "shall be dismissed." 28 U.S.C. 2244(b)(1). Where the claims asserted in the second or successive habeas petition were not alleged in previously filed habeas petitions, the claims "shall be dismissed unless:"

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

> convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. 2244(b)(2).

## III. ANALYSIS

The instant Petition is Mr. Rhodes's second or successive habeas corpus application of his capital murder conviction. His January 24, 1995, federal habeas petition, *Rhodes v. Norris*, 5:95cv00068-GTE, was his first federal habeas petition and the court found that one of Mr. Rhodes's claims was without merit and the rest were procedurally defaulted.[1] Dismissal on these grounds was "on the merits" for purposes of 28 U.S.C. 2244(b).[2] And "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3).

So, Mr. Rhodes must first obtain authorization from the United States Court of Appeals for the Eighth Circuit before proceeding in this Court. Since he has not shown that he has obtained such authorization, dismissal without prejudice is required.

---

[1]The court dismissed the May 19, 1990, petition without prejudice for a failure to exhaust state remedies. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000); *Thai v. United States*, 391 F.3d 491, 495 (2d Cir. 2004)("[A]n initial petition that is dismissed without prejudice because it contains curable procedural defects or because it presents unexhausted claims is not a first petition for purposes of §§ 2244 and 2255.").

[2]*See Thai*, 391 F.3d at 495 (citing *Graham v. Costello*, 299 F.3d 129, 132-33 (2nd Cir. 2002)); *Carter v. United States*, 150 F.3d 202, 205-06 (2nd Cir. 1998); *Bates v. Whitley*, 19 F.3d 1066, 1067 (5th Cir. 1994)("A federal habeas court's rejection of a petitioner's constitutional claim because of state procedural default and a failure to show cause and prejudice must be regarded as a determination on the merits in examining whether a subsequent petition is successive."); *Howard v. Lewis*, 905 F.2d 1318, 1322-23 (9th Cir. 1990).

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Rhodes's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED WITHOUT PREJUDICE and the requested relief be DENIED.

DATED this 28th day of March, 2012.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE